UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ELOY THOMAS JUNIOR,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00536** |
| | § | |
| **TODD BLANCHE, *ET AL*.,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal immigration custody in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), and Respondents' Motion to Dismiss, and Alternatively, Motion for Summary Judgment, (Dkt. No. 7).

The Court finds that Petitioner is detained under 8 U.S.C. § 1226(a) and he is not subject to mandatory detention under 8 U.S.C. § 1187. As such, Respondents fail to provide a lawful basis for Petitioner's detention. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted. Respondents are ordered to provide Petitioner a new bond hearing, or release Petitioner, pursuant to his previously paid bond, **by August 6, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release or bond hearing **by August 7, 2026, at 5:00 p.m.**

### I. BACKGROUND

Petitioner, a citizen of the United Kingdom, challenges his mandatory detention under the Visa Waiver Program (VWP).[1] Petitioner was admitted to the United States on December 31, 2023. (Dkt. No. 1-1 at 9).[2] He was granted admission until March 29, 2024. (*Id.*). Petitioner remained in the United States beyond that date. (*See id.* at 20).

---

[1] "The VWP permits eligible nationals from certain designated countries to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa. However, the statute imposes upon every participating alien a reciprocal waiver requirement. Participating aliens must waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal . . . ." *McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009).

[2] When citing to the page numbers of any document in the record, the Court will cite to the page

On December 13, 2025, Petitioner was detained by immigration officials at a checkpoint in Falfurrias, Texas. (*Id.* at 16). On December 15, 2025, Petitioner was issued a VWP Final Administrative Removal Order. (*Id.* at 23). On December 31, 2025, Petitioner was granted bond in Immigration Court, pursuant to 8 U.S.C. § 1226(a). (*Id.* at 25). Petitioner's family paid the bond. (*Id.* at 28). However, Petitioner was never released because the Government filed an emergency motion for a custody redetermination, asserting that Petitioner was subject to mandatory detention by virtue of the VWP. (*Id.* at 36). The Immigration Judge (IJ) granted the motion and vacated the prior bond order. (*Id.* at 40–41). On January 6, 2026, Respondents filed a Notice of Referral to Immigration Judge (I-863), determining that Petitioner was a VWP violator who has requested asylum and/or withholding of removal under the Convention Against Torture. (Dkt. No. 7-1 at 1).

On March 31, 2026, Petitioner filed the instant habeas petition, raising four claims. (Dkt. No. 1). First, Petitioner asserts that his detention is unsupported by statutory authority because Sections 1225, 1226, and 1231 have not been invoked to support his detention. Second, Petitioner asserts that his detention violates the Fifth Amendment Due Process Clause. Third, he claims that his detention violates substantive due process. Finally, he asserts that his detention violates the suspension clause.

While the petition was pending, on April 8, 2026, the IJ denied Petitioner's applications for relief. (Dkt. No. 7-2). Petitioner appealed to the Borad of Immigration Appeals (BIA), and he remains detained pending that appeal. *See Automated Case Information*, Exec. Off. Immigr. Rev., https://acis.eoir.justice.gov/en/caseInformation (last visited July 30, 2026).

## II. LEGAL STANDARDS

### A. Motion to Dismiss

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must determine whether a plaintiff has stated a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal*

---

numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

*Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (citation modified). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). This does not require detailed factual allegations but does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The Court must "accept as true all well-pleaded facts." *Rosenblatt v. United Way of Greater Hou.*, 607 F.3d 413, 417 (5th Cir. 2010). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### B. Motion for Summary Judgment

A "court shall grant summary judgment if the movant shows that there is no genuine dispute of any material fact, and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must consider the record as a whole to determine whether a genuine dispute exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). However, the Court must view the facts in the light most favorable to the nonmoving party. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019). Once a party has properly moved for summary judgment under Rule 56, the non-movant must demonstrate which "specific facts" show that there is a genuine dispute. *Celotex*, 477 U.S. at 324. A genuine dispute exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, the Court must construe all facts and draw all inferences in the light most favorable to the non-movant. *Id.* at 255. However, the presence of a mere scintilla of evidence is not sufficient to overcome a motion for summary judgment. *Id.* at 252.

### C. 28 U.S.C. Section 2241

A district court may grant a writ of habeas corpus if a petitioner is in federal custody in violation of the Constitution or federal law. 28 U.S.C. § 2241. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St.*

*Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003); *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005).

### III. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention and that his detention does not violate due process. The Court principally addresses Petitioner's claim that there is no statutory support for his detention and finds that his detention must fall under Section 1226(a) instead of Section 1187.[3]

Respondents' asserted statutory authority for mandatory detention is 8 U.S.C. § 1187. This statute establishes the VWP. "The VWP permits eligible nationals from certain designated countries to apply for admission to the United States for ninety days or less as non-immigrant visitors without first obtaining a visa. However, the statute imposes upon every participating alien a reciprocal waiver requirement. Participating aliens must waive "any right . . . to contest, other than on the basis of an application for asylum, any action for removal . . . ." *McCarthy v. Mukasey*, 555 F.3d 459, 459–60 (5th Cir. 2009). The specific waiver must include rights "(1) to review or appeal under this chapter of an immigration officer's determination as to the *admissibility* of the alien at the port of entry into the United States, or (2) to contest, other than on the basis of an application for asylum, any action for removal of the alien." *See* 8 U.S.C. § 1187(b) (emphasis added).

Notably, this Section provides no independent detention authority. Furthermore, any rights waived under the VWP concern admissibility, not due process during detention. Petitioner does not challenge his admissibility, and he is not detained to effectuate his removal because his removal order is not final. So the rights he asserts in this case are not waived under the requirements of the VWP. As such, Section 1187 cannot justify his detention.

---

[3] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

Other district courts in this district have reached the same conclusion with respect to Respondents' asserted statutory authority, and the Court finds those cases persuasive. *See, e.g.*, *Sandoval Rocha v. Noem*, No. H-25-6032, 2026 WL 1383350, at *2 (S.D. Tex. May 18, 2026) (granting habeas relief "[b]ecause 8 U.S.C. § 1187(c)(2)(E) does not authorize detention"); *Nicolas T. v. Noem*, No. 1:25-cv-313, 2026 WL 1010750, at *1 (S.D. Tex. Mar. 30, 2026), *R. & R. adopted*, *Osorio Toro v. U.S. Dep't of Homeland Sec.*, 2026 WL 1010110 (S.D. Tex. Apr. 14, 2026) ("This provision does not contain language authorizing detention, much less mandatory detention.").

Finding Section 1187 inapplicable to Petitioner's detention, the only detention authority applicable to Petitioner is Section 1226(a), which provides for a bond hearing. 8 U.S.C. § 1226(a). Respondents concede that Petitioner is either detained under Section 1187 or Section 1226(a). (Dkt. No. 12 at 3–4). Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General may release an alien detained under § 1226(a) on bond or conditional parole." *Jennings*, 583 U.S. at 288 (citation modified).

Because Petitioner is not properly subject to mandatory detention under the VWP statute, he is properly detained under Section 1226(a) and entitled to a bond hearing. As such, Respondents are not entitled to judgment as a matter of law and Petitioner is entitled to relief. A district court has equitable discretion in determining the appropriate remedy "as law and justice require" for unlawful detention in a habeas petition. *See Brown v. Davenport*, 596 U.S. 118, 127–28 (2022). The Court finds that the specific harm Petitioner suffered is remedied by ordering that his detention comport with Section 1226, by either providing him a new bond hearing under Section 1226(a) or releasing him under his previously paid bond.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, (Dkt. No. 1), is **GRANTED**. Respondents' Motion to Dismiss, and Alternatively, Motion for Summary Judgment, (Dkt. No. 7), is **DENIED**.

Respondents are **ORDERED** to provide Petitioner a new bond hearing under Section 1226(a), **by August 6, 2026, at 5:00 p.m.**, or release Petitioner pursuant to his previously paid bond by the same date.

If Petitioner is released, Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

The parties are ordered to notify the Court of the status of Petitioner's release or bond hearing **by August 7, 2026, at 5:00 p.m.**

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on July 30, 2026.

John A. Kazen
United States District Judge