United States District Court
Southern District of Texas
**ENTERED**
August 24, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ELOY THOMAS JUNIOR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-00536** |
| | § | |
| **MARKWAYNE MULLIN, *et. al.*,** | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Motion to Enforce the Court's July 30, 2026 Order and for Release on the Previously Paid Bond, (Dkt. No. 22). Petitioner challenges his continued detention in federal immigration custody. After considering Petitioner's Motion, (Dkt. No. 22), and Respondents' Opposition, (Dkt. No. 23), the Court concludes that Petitioner's Motion should be Denied.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Additionally, pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

On December 31, 2025, an Immigration Judge granted Petitioner a $3,000 bond pursuant to § 1226(a). (Dkt. No. 22 at 2). Petitioner's family paid the bond, but Petitioner was not released because Respondents filed an emergency motion for custody redetermination with the Visa Waiver Program as the basis for mandatory detention. (Dkt. No. 20 at 2). Petitioner filed a petition for writ of habeas corpus in this Court on

March 31, 2026. (Dkt. No. 1). On July 30, 2026, this Court granted Petitioner's petition. (Dkt. No. 20). This Court ordered Respondents either to release Petitioner or to provide him with a new bond hearing under Section 1226(a). (*Id.*). On August 4, 2026, Petitioner was provided with a bond hearing under Section 1226(a). (Dkt. No. 21). Petitioner was denied bond as a result of the Immigration Judge finding Petitioner poses a flight risk. (*Id.*). Petitioner reserved his right to appeal the Immigration Judge's denial of bond to the Bureau of Immigration Appeals. (*Id.*). Respondents argue that this Court does not have jurisdiction to review this discretionary bond decision by an IJ.

The Court agrees with Respondents and finds that Petitioner's new petition must be dismissed for lack of jurisdiction. Section 1226(e) deprives the Court of jurisdiction to review discretionary bond decisions by an Immigration Judge. This provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)).

The Court cannot review Petitioner's claim because his continued detention is the result of the Immigration Judge's discretionary decision to deny bond. Petitioner challenges how the Immigration Judge weighed evidence at his custody redetermination. Upon review of the evidentiary record submitted to the Court, including the Order of the Immigration Judge dated August 4, 2026, (Dkt. No. 21-1), the Court determines that Petitioner received a bond hearing and an individualized review of his custody. The Immigration Judge determined that Petitioner posed a flight risk because of the procedural posture of his case and bond was denied. (*Id.*). Petitioner's continued detention is the result of the Immigration Judge's discretionary decision to deny bond. Petitioner has not shown that his bond hearing was constitutionally inadequate. For these reasons, Petitioner's motion is denied because the Court lacks jurisdiction.

For the reasons stated above, Petitioner's Motion to Enforce the Court's July 30, 2026 Order and for Release on the Previously Paid Bond, (Dkt. No. 22), is **DENIED.** All other relief requested by Petitioner is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 24, 2026.

John A. Kazen
United States District Judge